IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Justin Terrell, ) | |
| ) | C/A No.: 6:05-2572-JFA-WMC |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the magistrate judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

This is an action brought by the plaintiff, Justin Terrell, pursuant to sections 205(g), 1602 and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 405(g) and 1381–1383c, to

1

obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Supplemental Security Income benefits ("SSI").

The plaintiff first applied for SSI in December 2001. His applications were denied initially and upon reconsideration. He was granted a hearing on June 15, 2004 before an Administrative Law Judge ("ALJ") before whom he appeared and testified with representation. The ALJ determined on September 9, 2004 that the plaintiff was not entitled to benefits. The Appeals Council adopted the ALJ's decision on July 20, 2005.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.

1972). As noted by Judge Sobeloff in <u>Flack v. Cohen</u>, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." <u>Id.</u> at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." <u>Vitek</u>, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred filed his comprehensive Report on July 17, 2006, suggesting that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g), with a remand of the cause to the Commissioner for further proceedings.

Specifically, the magistrate judge opines that the ALJ (1) failed to address the opinion of plaintiff's treating physician, Dr. John C. Dunlap; (2) failed to adequately evaluate the issue of plaintiff's compliance with recommended treatment measures; (3) failed to address conflicting evidence in the record regarding plaintiff's limitations in attending and completing tasks and in acquiring and using information and interacting with others; and (4) failed to properly evaluate plaintiff's nonexertional limitations. The magistrate judge suggests that the ALJ's decision is insufficient to enable a reviewing court to properly determine whether the findings of the Commissioner are based on substantial evidence. Because the Report provides specific details of the facts in this case, the same will not be

repeated in this order.

The parties were advised of their right to file specific written objections to the Report. The Commissioner submitted her objections on July 26, 2006. Plaintiff has not responded to those objections; however, the matter now appears ripe for review.

The Commissioner presents the following four objections:

(1)     The ALJ's arguable error in failing to explicitly address Dr. Dunlap's opinion was harmless because the opinion was inconsistent with other evidence, so explicitly discounting it in the decision would not have altered the outcome.

(2)     The ALJ's failure to evaluate plaintiff's medical compliance is not a ground for remand because plaintiff was represented by counsel at the hearing and it was his burden to produce the strongest case possible, and his failure to do so does not place a burden on the ALJ to further develop the record.

(3)     The ALJ is not required to discuss every piece of evidence in the decision and the lack of discussion regarding plaintiff's limitations in attending and completing tasks and in acquiring and using information and interacting with others does not indicate that the ALJ failed to consider that evidence.

(4)     The ALJ's failure to evaluate plaintiff's nonexertional limitations does not impact the propriety of the ALJ's determinate as to plaintiff's residual functional capacity, which the Commissioner urges was supported by substantial evidence.

In sum, the Commissioner contends that there is substantial evidence to support the ALJ's determination that plaintiff was not disabled and that remand is not required.

The court finds the Commissioner's objections to be without merit. Contrary to the Commissioner's first objection, the court finds the magistrate judge's Report properly analyzed the ALJ's error in failing to address Dr. Dunlap's opinion. Dr. Dunlap was the

4

plaintiff's treating physician and saw him on a frequent and regular basis for at least two years during the relevant period. The court cannot accept the Commissioner's suggestion that the ALJ's failure to even mention Dr. Dunlap's opinion was harmless. As the magistrate judge noted, the regulations provide that even if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he still must consider the weight to be given by applying the five factors set out in 20 C.F.R. § 404.1527(d)(2)–(5), with Social Security Ruling 96-2p requiring that the ALF give specific reasons for the weight given to a treating physician's medical opinion. Given the ALJ's failure to even reference Dr. Dunlap's opinion, the court cannot determine whether the ALJ considered that opinion, must less determine what weight, if any, was given to that opinion. Therefore, the court overrules the Commissioner's first objection.

With regard to the Commissioner's second objection, the magistrate judge found that the ALJ failed to apply the proper legal standard in considering plaintiff's medical compliance. While the Commissioner argues it was plaintiff's, and not the ALJ's, burden to develop the record, the court cannot ignore the mandate set forth in Social Security Ruling 82-59, which provides when a determination can be made that an individual has failed to follow prescribed treatment. Although the ALJ found a "pervasive lack of medical compliance by [the plaintiff's] mother," the ALJ's decision does not reflect the existence of an opportunity for the plaintiff and his mother to have "fully express[ed] the specific reason(s) for not following the prescribed treatment," as required by Social Security Ruling

82-59. Therefore, the court agrees with the magistrate judge that remand is appropriate to further develop the record on this issue.

As to the Commissioner's third objection to the Report, the court agrees that the ALJ is not required to discuss every piece of evidence in the decision, but finds the record does not demonstrate proper analysis of the conflicts concerning plaintiff's limitations in attending and completing tasks and in acquiring and using information and interacting with others.

Finally, the court rejects the Commissioner's last objection that the ALJ's failure to evaluate plaintiff's nonexertional limitations does not impact the propriety of the ALJ's determinate as to plaintiff's residual functional capacity. The court agrees with the magistrate judge that because the ALJ found that plaintiff had severe mental impairments characterized as attention deficit hyperactivity disorder and residual schizophrenia, which impairments caused him moderate limitation in social functioning and concentration, persistence, or pace, the ALJ failed to consider certain relevant evidence, including the opinion of Dr. Dunlap, as to whether the evidence of a nonexertional condition interferes with plaintiff's residual functional capacity to perform work of which he is exertionally capable.

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the magistrate judge's Report, and the Commissioner's objections thereto, the court finds the magistrate's report provides an accurate summary of the facts in the instant case. The magistrate judge's findings are hereby specifically

incorporated herein by reference. Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for further proceedings as noted herein and in the magistrate judge's Report.

IT IS SO ORDERED.

October 4, 2006  
Columbia, South Carolina

s/ Joseph F. Anderson, Jr.  
United States District Judge